1 | Katherine M. Windler (SBN 158899)
2 | Sheri Kanesaka (SBN 240053)
 | BRYAN CAVE LLP
3 | 120 Broadway, Suite 300
 | Santa Monica, California  90401-2386
 | Telephone:    (310) 576-2100
4 | Facsimile:    (310) 576-2200
 | katherine.windler@bryancave.com
5 | sheri.kanesaka@bryancave.com

6 | Attorneys for Defendant,
 | Bank of America, N.A.

7

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.:  8:09-12605-TA |
| Thomas Alfred Swanson and Karen Knill Swanson, | Adv. Pro. No.:  8:10-01150-TA |
| Debtors. | Chapter 11 |
| Karen Knill Swanson, | **ORDER GRANTING DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR FOR A MORE DEFINITE STATEMENT IN ACCORDANCE WITH TENTATIVE RULING** |
| Plaintiff, | |
| vs. | |
| IndyMac Mortgage Services, a division of OneWestBank, f.s.b.; Mortgage Electronic Registration Systems, Inc.; Deutsche Bank, N.A., trustee for IndyMac INDX Mortgage Trust 2007-AR21, Mortgage Pass-Through Certificates Sires 2007-AR21 Bank of America, N.A.; Capital Financial Advisors, Inc.; Rosalie Irene Rains; and Does 1 - 500, | Date:    July 8, 2010<br>Time:    11:00 a.m.<br>Place:    Courtroom 5B<br>      411 West Fourth<br>      Santa Ana, CA 92701-4593<br><br>Judge Theodore Albert |
| Defendants. | |

Defendant Bank of America N.A. filed its Motion to Dismiss Plaintiff's Complaint or For a More Definite Statement pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(6) and 12(e) (the "Motion to Dismiss") with respect to the claims filed by Karen Knill Swanson ("Plaintiff"), which was heard on July 8, 2010.

For the reasons set forth in the tentative ruling, a copy of which is attached hereto as Exhibit A, the Court sustains the Motion to Dismiss with respect to those identified claims ***without***

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  *leave to amend* and dismisses them with prejudice, and sustains the Motion to Dismiss with

2  respect to the remaining identified claims ***with leave to amend*** for a period of twenty (20) days.  If

3  the Plaintiff fails to amend within 20 days of this Court's ruling, then a further order may be

4  entered dismissing all the remaining claims without leave to amend.

5

6                                              **END OF ORDER**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# EXHIBIT A

# United States Bankruptcy Court
## Central District of California

### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                          **Hearing Room    5B**

10:00 am

**8:09-12605    Thomas Alfred Swanson**                                         **Chapter    11**

Adv#: 8:10-01150          Swanson v. IndyMac Mortgage Services et al

**#19.10**          Defendant IndyMac Mortgage Service's  Motion to Dismiss Adversary Proceeding
and Notice to (I) Dismiss First Amended Complaint and (II) Expunge Lis Pendens
(cont'd from 6-24-10)

Docket #:    10

**Tentative Ruling:**

  Defendants move to dismiss Plaintiff's Complaint with prejudice pursuant to FRCP 12(b)(6)
and  to expunge the notice of *lis pendens* filed and recorded with this adversary proceeding.  As of
July 7, no opposition had been filed; however, the Court has analyzed the compliant in light of the
motion in the event that amendments might be forthcoming..

  On or around March 9, 2004, Plaintiff obtained title to the Property.  Thereafter, between March
9, 2004 and November 29, 2005, CF and Rains Defendants arranged a series of loans secured by
the Property.  On or around November 29, 2005, CF and Rains Defendants obtained a Loan in the
principal amount of $3,250,000 from IndyMac, secured by a Deed of Trust recorded against the
Property.  On or around January 21, 2009, the Deed of Trust securing the Loan against the Property
was assigned from MERS, as nominee,  to IndyMac.  Plaintiff alleges that there was no assignment
of the Note along with the Deed of Trust, therefore, Plaintiff is entitled to avoid the assignment of
the Deed of Trust as unperfected transfer. Thereafter, on or around November 2, 2009, IndyMac
assigned the Deed of Trust to Deutsche.  With respect to this transfer, Plaintiff alleges that the Note
was not properly negotiated and endorsed to Deutsche such that it would be a true holder in due
course of the Note.  Moreover, Plaintiff alleges that One West Defendants do not have any rights or
interests in the loan because the Loan was subject to a Pooling and Service Agreement.  Pursuant to
this agreement, the Loan was securitized and sold to investors which held ownership interests in the
loan.  Therefore, Plaintiff argues that the only parties with standing as a holder in due course of the
Note are those parties who suffer a monetary or pecuniary loss from the non-performance of the
Loan obligation.  Plaintiff contends that the separation of the Note from the Deed of Trust was a
ploy to create a cloud on title for the owner of the Property and for parties seeking to claim an
interest in the Property.  On March 25, 2010, Plaintiff recorded a notice of *lis pendens* against the
property.

**United States Bankruptcy Court**
**Central District of California**

**Santa Ana**

**Judge Theodor Albert, Presiding**

**Courtroom 5B Calendar**

**Thursday, July 8, 2010**                                    **Hearing Room    5B**

10:00 am

**Cont....        Thomas Alfred Swanson**                                    **Chapter    11**

Plaintiff alleges seventeen causes of action against Defendants in her complaint concerning this Note and the Deed of Trust.  Defendants contend each of the seventeen causes of action set forth in the Complaint fail to state a claim upon which relief may be granted.

FRCP 12(b)(6) requires a court to consider whether a complaint fails to state a claim upon which relief may be granted.  When considering a motion under FRCP 12(b)(6), a court takes all the allegations of material fact as true and construes them in the light most favorable to the nonmoving party.  *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief.  *Id.*  Motions to dismiss are viewed with disfavor in the federal courts because of the basic precept that the primary objective of the law is to obtain a determination of the merits of a claim.  *Rennie & Laughlin, Inc. v. Chrysler Corporation*, 242 F.2d 208, 213 (9th Cir. 1957).  There are cases that justify, or compel, granting a motion to dismiss.  The line between totally unmeritorious claims and others must be carved out case by case by the judgment of trial judges, and that judgment should be exercised cautiously on such a motion. *Id.*

FRCP 8 requires a pleading that sets forth a claim for relief to contain a short and plain statement of the claim showing that the pleader is entitled to relief.  It is not necessary at the pleading stage to plead evidentiary detail, but facts must be alleged to sufficiently apprise the defendant of the complaint against him.  *Kubick v. F.D.I.C. (In re Kubick)*, 171 B.R. 658, 660 (9th Cir. BAP 1994).  Clarification, greater particularity, and other refinements in pleading are accomplished through motions, discovery, pretrial orders, and liberal toleration of amendments.  *Yadidi v. Herzlich (In re Yadidi)*, 274 B.R. 843, 849 (9th Cir. BAP 2002).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-556, 127 S. Ct. 1955, 1964-65 (2007)   A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, _ U.S._, 129 S.Ct. 1937, 1949 (2009) *citing Twombly*.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*  The tenet

# United States Bankruptcy Court
## Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                              **Hearing Room    5B**

10:00 am

**Cont....**        **Thomas Alfred Swanson**                                          **Chapter    11**

that a court must accept as true all factual allegations is not applicable to legal conclusions. *Id.*
Threadbare recitals of elements supported by conclusory statements are not sufficient. *Id.*

FRCP 9(b) requires that in all averments of fraud or mistake, the circumstances constituting the
fraud or mistake must be plead with specificity to give the defending party notice of what he/she
must defend against.  The particularity requirement is satisfied if the complaint identifies the
circumstances constituting fraud so that the defendant can prepare an adequate answer from its
allegations.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  While
statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere
conclusory allegations of fraud are not.  *Id.*  FRCP 9(b) further provides that malice, intent,
knowledge, and other condition of mind of a person may be averred generally.

## 1. First Claim for Relief

Plaintiff alleges the IndyMac and Countrywide Deeds of Trust are *void ab initio* because they
are fraudulent transfers.  Moreover, Plaintiff alleges the Deeds of Trust have been rendered
unperfected, therefore are unsecured.  Thus, Plaintiff argues, pursuant to 11 U.S.C. § 548(a)(1)(b)
(3) and § 544(b)(1), the Deeds of Trust must be avoided.

Under 11 U.S.C. § 548(a) only transfers occurring within two years of the petition are
avoidable.  Plaintiff filed her petition on March 26, 2009.  Two years prior to the petition date
would be March 26, 2007.  The Loan transfer from MERS to IndyMac occurred on November 29,
2005.  Thus, Plaintiff's §548 claim is barred by the statute of limitations.  Section 544 allows
incorporation of state law fraudulent conveyance rights; but these require a so-called "triggering
creditor", i.e. an actual (not hypothetical) creditor existing at the time of the alleged fraudulent
conveyance, but none is alleged in the complaint. Under Civil Code § 3439.09(a)(b) there is a four
–year statute of limitations.  However, the four years is further extended by operation of 11 U.S.C.
§108(a) which had not expired by the petition date.  Therefore, the §548 claim should be dismissed
without leave to amend and the §544 claim with leave to amend on the issue of triggering creditor.

## 2. Second Claim for Relief

# United States Bankruptcy Court
## Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                          **Hearing Room    5B**

10:00 am

**Cont....**          **Thomas Alfred Swanson**                                          **Chapter    11**

Plaintiff alleges seven counts under the claim of fraudulent transfers. Defendants argue that this claim is duplicative of Plaintiff's First Cause of Action; Count III (Aiding and Abetting Fraudulent Conveyance), Count IV (Unjust Enrichment), Count V (Equitable Subordination), Count IX (Equitable Disallowance), Count VI (Disallowance of Claims), and Count VII (Disallowance of Contingent Indemnity Claims) are all related to the First Cause of Action of Fraudulent Transfers. Plaintiff uses the same facts and analysis to allege each of these claims; when taken together, the claims under each of these Counts are duplicative of Plaintiff's First Cause of Action. Therefore, this claim should be dismissed with leave to amend.

## 3. Third Claim for Relief

Plaintiff alleges the Defendants violated the Real Estate Settlement Procedures Act ("RESPA") by accepting charges for rendering of real estate services, which were not disclosed to Plaintiff. Plaintiff's claim does not set forth specific facts with respect to the alleged RESPA violation. Plaintiff incorporates the prior paragraphs 1-36 in her Complaint to allege that Defendants accepted charges for the rendering of services, which were not disclosed to Plaintiff, but does not state what those services or how much was charged. Plaintiff's claim is insufficient to state a claim for which relief may be granted. Furthermore, under 12 U.S.C. § 2616 there is a one year statute of limitations to bring a claim alleging violations under 12 U.S.C. § 2607. Again, the applicable statute of limitations bars Plaintiff's claim. Therefore, this claim should be dismissed without leave to amend.

## 4. Fourth Claim for Relief

Plaintiff incorporates the prior paragraphs 1-36 and alleges that Defendants violated the Federal Truth-in-Lending Act ("TILA") by failing to include and disclose certain charges in the finance charge, thereby entitling Plaintiff the right to rescind the transaction. However, under 15 U.S.C. § 1635(f), the statute of limitations for exercising the right to rescind is three years after the consummation of the transaction. The Loan transaction closed on November 29, 2005, which gave Plaintiff until November 29, 2008 to file this claim. Thus, Plaintiff's claim is barred by the applicable statute of limitations. Therefore, this claim should be dismissed without leave to amend.

# United States Bankruptcy Court
# Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                             **Hearing Room    5B**

10:00 am

**Cont....**          **Thomas Alfred Swanson**                                              **Chapter    11**

### 5. Fifth Claim for Relief

Plaintiff incorporates the prior paragraphs 1-36 and alleges Defendants violated the Fair Credit Reporting Act ("FCRA") by wrongfully, improperly, and illegally reporting negative information about the Plaintiff to the credit reporting agencies.  Plaintiff contends the violations occurred at "all times material," however, does not provide a specific time frame or refer to specific events.  Furthermore, Plaintiff's claim is too conclusory to determine whether the claim is barred by the applicable statute of limitations.  Therefore, this claim should be dismissed with leave to amend.

### 6. Sixth Claim for Relief

With respect to Count I under this claim, Plaintiff alleges Defendants violated the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code § 1788.  Plaintiff incorporates the prior paragraphs 1-36 to allege that Defendants violated the Rosenthal Act by committing wrongful acts which caused Plaintiff to lose the opportunity for a meaningful modification. The Rosenthal Act prohibits unfair and oppressive methods of debt collection.  For example, courts have held sending letters to the debtor after he had filed for bankruptcy violated the Rosenthal Act, *Forsberg v. Fid. Nat'l Credit Servs.*, (S.D. Cal. 2004) .  Here, Plaintiff alleges that Defendants committed fraud with regard to the Loan transaction and thereby causing Plaintiff to lose the opportunity to for a loan modification from the true holders of the Note.  However, Plaintiff does not allege with sufficient specificity Defendants wrongful acts with respect to debt collection.  Therefore, Count I should be dismissed with leave to amend.

With respect to Count II under this claim, Plaintiff alleges Defendants violated California Civil Code § 2923.5(a)(2) by failing to disclose to Plaintiff that Defendants did not own the Loans at any time and failing to explore options and alternatives in modifying Plaintiff's Loans.  Under California Civil Code § 2923.5(a)(2), "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure...the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting, and if requested, the mortgagee, beneficiary, or authorized agent shall schedule their meeting to occur within 14 days."  Here, Plaintiff alleges Defendants did not own the Loans and yet persisted in entering into the modification process.  Furthermore, Plaintiff contends that even if the Defendants

# United States Bankruptcy Court
## Central District of California

### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                                      **Hearing Room    5B**

10:00 am

**Cont....        Thomas Alfred Swanson**                                        **Chapter   11**

had owned the Loans, they failed to disclose to Plaintiff that the terms of the trust indenture, pass through trust certificates, and FAS (FTB 01-1) which precluded Defendants from granting the modification.  Defendants did not contact the true holders of the Note to obtain authorization for modification.  Moreover, allegedly Defendants did not advise Plaintiff of her right to request a subsequent meeting to occur within 14 days.

Defendants contend that California Civil Code § 2923.5 is preempted by 12 C.F.R. § 560.2, and HOLA, 12 U.S.C. §1464 and therefore, Plaintiff's claim should be dismissed.  Recent case law suggests that defendants are correct.  See e.g. *Quintero Family Trust v. One West Bank*, 2010 WL 2618729 *6-7(S.D.Cal. 2010); *Parcay v. Shea Mortgage, Inc.,* 2010 WL 1659369, *9 (E.D.Cal. 2010).  Count II will be dismissed with prejudice.


## 7. Seventh Claim for Relief

Plaintiff alleges Defendants breached the covenant of fair dealing by failing to properly underwrite the Loan at the time of origination.  Plaintiff asserts that the proper underwriting standards would have revealed that Plaintiff was not financially qualified to receive the Loan.  The covenant of good faith and fair dealings arises from a contractual relationship.  *Hess v. Transamerica Occidental Life Ins. Co.*, 190 Cal. App. 3d 941 (Cal. App. 1st Dist. 1987).        "There is no obligation to deal fairly or in good faith absent an existing contract," *Racine v. Laramine, Ltd. v. Dept. of Parks and Recreation*, 11 Cal. App. 4th 1026, 1034 (1992).  Furthermore, if there is an existing contract, the covenant "is limited to assuring compliance with the expressed terms of the contract, and cannot be extended to create obligations not contemplated in the contract," *Id.*

Here, Plaintiff does not state a claim for breach of the covenant of good faith and fair dealing.  Plaintiff is alleging Defendants' act *prior* to Plaintiff entering into the loan agreement, breached the covenant and according to case law cited above, Defendants' act falls outside of the protections of the covenant.   Moreover, that no proper underwriting may have been undertaken is more of a sore issue with the investors in the loan since it amounts to loaning debtor *too much* money. Loaning more than a borrower can repay is hardly good business but it is not a cause of action in favor of the borrower.   Therefore, this claim should be dismissed with prejudice.

# United States Bankruptcy Court
## Central District of California

### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                                        **Hearing Room    5B**

10:00 am

Cont....          Thomas Alfred Swanson                                             **Chapter    11**

### 8. Eighth Claim for Relief

Plaintiff alleges Defendants committed fraud during the loan origination by informing Plaintiff that she was financially able to enter into the Loan agreement when they knew or should have known that she was not financially qualified for the Loan.  Under FRCP 9(b) "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Here, the Plaintiff incorporates the prior paragraphs and alleges that the person acting on behalf of Defendants overstated her income to be $82,500/month in order to qualify for the loan.  As a result, the debt to Plaintiff's true income ratio was 715%, thereby practically guaranteeing that Plaintiff would default on the loan payments and thus lose her home to foreclosure.  No explanation is given, of course, as to why debtor signed the application with this false information incorporated, and/or signed a promissory note with these sums involved.  The complaint is weak on the "who, what, when, where, etc." specifics required under Rule 9 for fraud claims

With respect to Defendants' contention that under CCP § 338(d) the three year statute of limitation for fraud claims bars Plaintiff's claim, Defendant's fail to take into account the latter part of the code which states "[t]he cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud."  Here, Plaintiff has not stated the time in which she allegedly discovered the alleged fraud although that this was not more or less immediate upon the funding of the loan defies imagination.  Nevertheless, assuming that she discovered the fraud within the three year statute of limitation period preceding the peition, Plaintiff theoretically will be able to amend to plead the elements of fraud adequately.  Therefore, this claim should be dismissed with leave to amend.

### 9. Ninth Claim for Relief

Plaintiff's claim for usury alleges Defendants' inflated appraisals added an undisclosed cost to the loan, which when added to the other terms of the agreement and amortized over the expected life of the loan exceeds the usury limits authorized by the State Legislature.  Furthermore, Plaintiff contends that Defendants are not subject to exemption from the usury limits set by the State Legislature because although Defendants held themselves out to be lenders, they were not actually lenders.

# United States Bankruptcy Court
## Central District of California

### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                                                     **Hearing Room    5B**

10:00 am

**Cont....**          **Thomas Alfred Swanson**                                                              **Chapter    11**

    To state a claim for usury, a plaintiff must plead the following elements: (1) the transaction is a
loan or forbearance, (2) the interest to be paid exceeds the statutory maximum, (3) the loan and
interest is absolutely repayable by the borrower, and (4) the lender had a willful intent to enter into
the usurious transaction, *Ghirardo v. Antonioli*. 8 Cal. 4th 791, 798 (1994).  Here, Plaintiff has not
plead the essential elements to state a claim of usury: (1) the transaction is a loan; (2) Plaintiff
states that the effective interest exceeds the statutory maximum, however, does not provide actual
numbers; (3) Plaintiff has not stated in the affirmative whether or not she would be able to repay the
loan, however, it may be assumed through Plaintiff's statement of the 715% debt to income ratio
that she will not be able to repay the loan; and (4) Plaintiff asserts that Defendants had a willful
intent to enter into the usurious transaction.  From this analysis, Plaintiff has not pled all the
elements necessary to state a claim for usury.  Plaintiff's assertions are conclusory and stated
without specific facts supporting her claim.

    Moreover, it is rather obvious that defendants are federally chartered banks and/or other lending
institutions which are specifically exempt from usury laws under the California Constitution,
Article 15, Section 1.  Here, Plaintiff has not plead sufficient facts to state a claim of usury and the
Court sees no utility is allowing leave to amend.

## 10. Tenth Claim for Relief

    Plaintiff alleges Defendants' actions constituted Unfair Business Practices under the California
Business and Professions Code § 17200 et. seq. (commonly referred to as the California Unfair
Competition Law ("UCL")).  To allege this claim, Plaintiff incorporates the prior paragraphs of the
Complaint.  However, Plaintiff fails to plead with the requisite specificity those facts that support
this particular claim.

    Defendants contend Plaintiff's Unfair Business Practices claim should be dismissed because "a
claim under UCL must rest on a violation of some sort of independent substantive statute,
regulation, or case law," *Berenice Thoreau De La Salle v. America's Wholesale Lender*, 2010 U.S.
Dist. LEXIS 36319 at *6-*7 (E.D. Cal., April 13, 2010) *quoting Farmer's Ins. Exch. v. Super. Ct.*,
2 Cal. 4th 377, 383 (1992).   Furthermore, since Plaintiff's "UCL claim is predicated on the same
conduct giving rise to [P]plaintiff's other causes of action, all of which is subject to dismissal, the

# United States Bankruptcy Court
## Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                                **Hearing Room    5B**

10:00 am

**Cont....**        **Thomas Alfred Swanson**                                      **Chapter    11**

UCL claim fails as well," *Id.*  Assuming corrective pleading can rescue those claims dismissed with leave to amend, this claim should be likewise dismissed with leave to amend.

## 11. Eleventh Claim of Relief

Plaintiff requests the court enjoin pending foreclosures.  Plaintiff alleges Defendants have threatened to evict Plaintiff pursuant to a pending unlawful detainer action.  Plaintiff incorporates the prior paragraphs to assert that the deeds by which Defendants will use to initiate an unlawful detainer action are invalid.  However, even assuming the deeds are invalid, this claim for relief is a request for injunctive relief, which is not a cause of action in and of itself.  Courts have stated "injunctive relief is a remedy not a cause of action," *Noah v. Enesco Corp.*, 911 F. Supp 305, 307 (Dist. N.D. Ill. 1995).   Therefore, this claim should be dismissed without leave to amend.

## 12. Twelfth Claim for Relief

Plaintiff requests for an action to quiet title against the claims of Defendants and all other persons to the Property.  Under CCP § 761.020, in order to state a cause of action for quiet title, a plaintiff must include the following elements: (1) a description of the property that is the subject of the action; (2) the title of the plaintiff and the basis of such title to which determination is sought; (3) the adverse claims to the property; (4) the date as of which title determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.  Here, Plaintiff incorporates all the prior paragraphs 1-36 to state a cause of action to quiet title, however, aside from the third element of adverse claims to the property, none of the statements in those paragraphs clearly plead the elements required under CCP  § 761.020.  Plaintiff has not pled the necessary elements to state a cause of action for quiet title.

Moreover, where the alleged offending cloud on title is a lien securing a debt, quiet title will not lie until the debt is paid.  *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477-78 (1974).  Unless Plaintiff can allege the debt is paid, quiet title will not lie under California law.  Although highly dubious given Plaintiff's bankrupt status, leave to amend on this point will be granted.

# United States Bankruptcy Court
## Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                                                  **Hearing Room    5B**

10:00 am

Cont....          Thomas Alfred Swanson                                                      **Chapter    11**

### 13. Thirteenth Claim for Relief

Plaintiff seeks to interplead the "real parties in interest," in order to identify such parties and to bring the parties into this action.  Furthermore, Plaintiff contends that she is otherwise willing and able to deposit with the Clerk the payments which are due to the true holders in due course of the Note.  Interpleader actions are governed by 28 U.S.C. § 1335 and FRCP 22, which is made applicable to bankruptcy proceedings under FRBP 7022.  Under both statutes, the purpose of an interpleader action "is to resolve in one proceeding all claims to a *res.*" *Presidential Comm'n on Good Gov't v. United States Dist. Court for the Dist. of Haw. (In re Republic of the Phil.)*, 309 F.3d 1143, 1153 (9th Cir. 2002).

Defendants assert that there are no conflicting claims from third parties and that they are the only parties asserting claims to the Loan and the Property, thus Plaintiff's claim should be dismissed.  Implicit in this assertion is that individual investors in the securitized loan portfolios are not real parties in interest as each are governed by pooling agreements which provide that the named defendants are entrusted with authority to act in governing these pools, including suing and being sued.  That is what is usually done in these arrangements in the court's experience.  In the slight chance that something else is involved here, however, Plaintiff will be given leave to amend to clarify the point but such amendment will have to give particulars as to who, what, etc..

### 14. Fourteenth Claim for Relief

Plaintiff alleges Defendants were unjustly enriched by receiving payments of fees, rebates, kickbacks, and other profits as part of the Loan closing.  Courts have stated that "unjust enrichment is an action in a quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties," *Digital Envoy, Inc. v. Google, Inc.*, 2005 U.S. Dist. LEXIS 27939 at *15-16 (N.C. Cal. Nov. 8, 2005) Defendants' argues that the Loan documents conferred upon them the right to receive such fees and profits, therefore, Defendants were not unjustly enriched and Plaintiff's claim should fail.   On the contrary, Plaintiff alleges that the fees and profits Defendants received were not within the rights of the contract; Plaintiff interprets the terms of the contract to mean that Defendants would not charge any fees not related to the settlement of the loan without first providing full disclosure of such fees to Plaintiff.  Here, because whether Defendants were

# United States Bankruptcy Court
## Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                                **Hearing Room    5B**

10:00 am

**Cont....**        **Thomas Alfred Swanson**                                     **Chapter    11**

within their rights under the contract to receive such fees and profits is contested, Plaintiff's claim of unjust enrichment is not precluded simply by the existence of the contract. However, where the complaint falls down is in its utter lack of specifics.  The reader is left to guess as to what specific fees or costs paid are outside of the contract and thus unjustly paid to Defendants.  Even given the generous standards of Rule 8, the complaint does not allege facts sufficient to state a claim.  Leave to amend will be granted.

## 15. Fifteenth Claim for Relief

Plaintiff alleges Defendants intentionally, maliciously, and tortiously interfered with Plaintiff's right and opportunity to obtain a modification from true holders of the Notes.  To state a claim for tortious interference with prospective economic advantage, the plaintiff must plead the following elements: (1) the prospective contractual relationship between the plaintiff and a  third which is likely to produce economic benefits; (2) the defendant's knowledge of this prospective relationship; (3) the defendant's intent to harm the plaintiff through his conduct; (4) actual disruption of the relationship; and (5) the plaintiff suffered damages as the proximate cause of the defendant's acts *Orion Tire Corp. v.  General Tire Inc.,* 1992 WL 295224 *3(C.D. Cal. Aug. 17, 1992).

Here, it is very arguable whether Plaintiff has pled the five elements necessary to state a claim of tortious interference with prospective economic advantage.  Where is the "prospective" contractual relationship?  Does Plaintiff contend seriously that she could somehow have reached out to individual investors in the loan pool for purposes of their entertaining a modification?  Would that have even been contractually possible given the pool agreements?  Don't most pooling agreements specifically delegate to representatives like the named defendants these sorts of duties?  Even if individual investors could be alleged to have wanted to amend their pooling arrangements, is not something more than a "wish and a prayer" like that involved here need to be alleged?  This complaint reads in this context like the "mere hope" which has been held to be insufficient to sustain such a tort theory; some *probability* of the future contractual relationship must be alleged. *Kachmar v. Sungard Data Sys., Inc.,* 109 F. 3d 173, 184 (3d Cir. 1997); *Advanced Power systems, Inc. v. Hi-Tech Systems, Inc.,* 801 F. Supp. 1450, 1459 (E.D. Pa. 1992).  Although highly dubious, leave to amend will be granted.

# United States Bankruptcy Court
# Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                                                    **Hearing Room    5B**

10:00 am

**Cont....**          **Thomas Alfred Swanson**                                                **Chapter    11**

### 16. Sixteenth Claim for Relief

Plaintiff alleges Defendants slandered Plaintiff's right title and interest in the subject real property by committing the alleged wrongful acts.  The elements for a cause of action of slander of title are (1) publication; (2) absence of justification; (3) falsity; and (4) direct pecuniary loss. *Howard v. Schaniel*, 113 Cal.App. 3d 256, 263 (1980).  Here, Plaintiff fails to plead the first element; Plaintiff does not allege a publication slandering Plaintiff's right to title.  Nor are the other elements reasonably pled either since clearly justification is present so long as the debt (or at least the just portions thereof) remains unpaid. This claim should be dismissed with leave to amend.

### 17. Seventeenth Claim for Relief

Plaintiff re-alleges and incorporates the prior paragraphs 1-120 to seek declaratory relief.  Under 28 U.S.C. § 2201(a), "[i]n a case of actual controversy within its jurisdiction...any court of the United States...may declare the rights and other legal relations of any interested party seeking such declaration."  Courts have defined "actual controversy" as matters which are ripe for review, *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. Cal. 1994), where there is "sufficient immediacy and reality," *Monolithic Power Sys. v. 02 Micro Int'l*, 2007 U.S. Dist. LEXIS 61961 at *7 (N.D. Cal. Aug. 13, 2007), and where the controversy is "definite and concrete...admitting of specific relief," *Aetna Life Ins. Co of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937). The problem here is that virtually everything else supporting the alleged controversy is infirm for one or more of the reasons stated above, and is therefore not "definite."  So, until more substance is given to those claims for relief, this one must rise or fall with them.  Sustain with leave to amend.

### 18. Expunging the *Lis Pendens*

Defendants request the court to grant the FRCP 12(b)(6) motion and to expunge the notice of *lis pendens*.  Under CCP § 405.30, "any party...with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice."  The party opposing the motion to expunge has the burden of proof under CCP § 405.31 and CCP § 405.32.  Pursuant to CCP § 405.32, the notice of *lis pendens* should be expunged if the claimant does not establish by a preponderance of evidence that the real property claim has "probable validity."

# United States Bankruptcy Court
# Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                                    **Hearing Room    5B**

10:00 am

**Cont....**            **Thomas Alfred Swanson**                                        **Chapter    11**

    Here, Defendants argue that since each of the seventeen causes of actions in the Complaint should be dismissed for failure to state a claim upon which relief may be granted, the real property claim is not valid.   However, as set forth by the analysis above, at least some of Plaintiff's claims for relief should be dismissed with leave to amend.  But this is not the same thing as showing probable validity to the real property claims.  Since no showing whatsoever is made in response to the expungement motion, the notice of *lis pendens* should be expunged.

**TENTATIVE RULING:**        *Appearance:*    **Required**        *Not Reqd*        *Optional    (pls circle)*


*Dismiss with 30days leave to amend: Claims 1, §544, 2, 5, 6 Count I, 8,*        *10,12—17*
*Dismiss without leave to amend: Claims 1, §548, 3, 4, 6 Count II, 7, 9 and 11*
*Expunge Notice of lis pendens*

| Party Information |
|---|

Debtor(s):

    Thomas Alfred Swanson                        Represented By

                                     Steven K Kop

                                     Steven Karlton Kop

Defendant(s):

      Capital Financial Advisors Inc

      Deutsche Bank NA

      IndyMac Mortgage Services

      Mortgage Electronic Registration

      Rosalind Rains

Interested Party(s):

# United States Bankruptcy Court
# Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                          **Hearing Room    5B**

10:00 am

**Cont....          Thomas Alfred Swanson**                                          **Chapter    11**

    Interested Party(s):

        Bank of America NA                          Represented By

                                   Sheri  Kanesaka

    Joint Debtor(s):

        Karen Knill Swanson                          Represented By

                                   Steven K Kop

                                   Steven Karlton Kop

    Plaintiff(s):

        Karen K Swanson                          Represented By

                                   Steven K Kop

    U.S. Trustee(s):

        United States Trustee (SA)

EXHIBIT A - PAGE  16

# United States Bankruptcy Court
## Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                                          **Hearing Room    5B**

<u>11:00 am</u>

**8:09-12605    Thomas Alfred Swanson**                                                    **Chapter    11**

Adv#: 8:10-01150          Swanson v. IndyMac Mortgage Services et al

**#20.00**              Motion filed by Defendant Bank of America to Dismiss First Amended
                    Complaint or for a more Definite Statement

                              Docket #:    12

**Tentative Ruling:**

    This is Bank of America's motion to dismiss under Rule 12(b)(6).  No opposition has been filed
as of July 7, 2010.  Although there are a few factual distinctions, the Court sees no meaningful
difference between this motion and that filed by IndyMac Mortgage Services, which is thoroughly
discussed at item #19.1 on calendar.  Therefore, the Court adopts the tentative from item #19.1
herein by reference, and grants the motion on the same basis and for the same reasons already
stated.

    *Dismiss with 30days leave to amend: Claims 1, §544, 2, 5, 6 Count I, 8,*          *10,12─17*
    *Dismiss without leave to amend: Claims 1, §548, 3, 4, 6 Count II, 7, 9 and 11*
    *Expunge Notice of lis pendens*

| Party Information |
| --- |

<u>Debtor(s):</u>

        Thomas Alfred Swanson                              Represented By

                                              Steven K Kop

                                              Steven Karlton Kop

<u>Defendant(s):</u>

        Capital Financial Advisors Inc

        Deutsche Bank NA

        IndyMac Mortgage Services

        Mortgage Electronic Registration

        Rosalind Rains

**United States Bankruptcy Court**
**Central District of California**

**Santa Ana**

**Judge Theodor Albert, Presiding**

**Courtroom 5B Calendar**

**Thursday, July 8, 2010**                                             **Hearing Room    5B**

11:00 am

**Cont....**          **Thomas Alfred Swanson**                                 **Chapter   11**

Interested Party(s):

    Bank of America NA                          Represented By

                                                Sheri  Kanesaka

Joint Debtor(s):

    Karen Knill Swanson                         Represented By

                                                Steven K Kop

                                                Steven Karlton Kop

Plaintiff(s):

    Karen K Swanson                             Represented By

                                                Steven K Kop

U.S. Trustee(s):

    United States Trustee (SA)

# United States Bankruptcy Court
## Central District of California

### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                    **Hearing Room    5B**

11:00 am

**8:09-19089    Nilop Investment LLC**                                    **Chapter    7**

Adv#: 8:10-01016        Coastline Corp v. Nilop Investments LLC et al

**#21.00**        Plaintiff's Motion for Remand Adversary Proceeding

Docket #:    8

**\*\*\* VACATED \*\*\*    REASON: CONT'D TO 9-9-10 AT 2:00 P.M. PER
STIPULATION & ORDER SIGNED 7-7-10**

**Tentative Ruling:**

- NONE LISTED -

| Party Information |
|---|

Debtor(s):

        Nilop Investment LLC                          Represented By

                                        Brian C Harpst

                                        Theodore E Malpass

Defendant(s):

        Farmers & Merchants Bank of Long                 Represented By

                                        Michael  Leight

        Nilop Investments LLC

Plaintiff(s):

        Coastline Corp                          Represented By

                                        Joseph A Cardella

Trustee(s):

        Karen S Naylor

U.S. Trustee(s):

        United States Trustee (SA)

# United States Bankruptcy Court
## Central District of California

### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                              **Hearing Room   5B**

11:00 am

**8:09-19089   Nilop Investment LLC**                                    **Chapter   7**

Adv#: 8:10-01016        Coastline Corp v. Nilop Investments LLC et al

**#22.00**        Motion to Dismiss Adversary Proceeding for Lack of Subject

Docket #:   15

**\*\*\* VACATED \*\*\*    REASON: CONT'D TO 9-9-10 AT 2:00 P.M. PER
STIPULATION & ORDER SIGNED 7-7-10**

**Tentative Ruling:**

- NONE LISTED -

| Party Information |
|---|

Debtor(s):

    Nilop Investment LLC                                     Represented By

                                                      Brian C Harpst

                                                      Theodore E Malpass

Defendant(s):

    Farmers & Merchants Bank of Long                        Represented By

                                                      Michael  Leight

    Nilop Investments LLC

Plaintiff(s):

    Coastline Corp                                          Represented By

                                                      Joseph A Cardella

Trustee(s):

    Karen S Naylor

U.S. Trustee(s):

    United States Trustee (SA)

# United States Bankruptcy Court
# Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                    **Hearing Room    5B**

2:00 pm

**8:10-15975**          **George Rodolfo Pagliaro and Pamela Jean Pagliaro**                    **Chapter    11**

**#23.00**              Motion to Permit receiver to Maintain Possession and Control of
                       Oceanside Property; and to Permit IMH to Loan Funds Necessary to
                       Protect and Maintain the Oceanside Property

                                   Docket #:    42

**Tentative Ruling:**

   Opposition due at hearing.

| Party Information |
|---|

**Debtor(s):**

   George Rodolfo Pagliaro                          Represented By

                                          Vincent  Renda

**Joint Debtor(s):**

   Pamela Jean Pagliaro                            Represented By

                                          Vincent  Renda

**Movant(s):**

   Alisa C. Lacey                                 Represented By

                                          Jeffrey S Kaufman

# United States Bankruptcy Court
## Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Thursday, July 8, 2010**                                                              **Hearing Room    5B**

2:00 pm

8:10-15975        **George Rodolfo Pagliaro and Pamela Jean Pagliaro**                          **Chapter    11**

#24.00             Hearing
                   RE: [43] Motion for Relief from Stay .    Declaration of Jeffrey S. Kaufman# (2)
                   Declaration of Bruce Bonfield) (Kaufman, Jeffrey)

                              Docket #:    43

**Tentative Ruling:**

  Awaiting opposition, if any.

| Party Information |
|---|

Debtor(s):

        George Rodolfo Pagliaro                                    Represented By
                                                        Vincent  Renda

Joint Debtor(s):

        Pamela Jean Pagliaro                                       Represented By
                                                        Vincent  Renda

Movant(s):

        Alisa C. Lacey                                             Represented By
                                                        Jeffrey S Kaufman